UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **ROBERT WRIGHT,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0009 AS |
| | ) | |
| **CECIL DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about January 4, 2005, *pro se* petitioner, Robert Wright, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 31, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Response on June 9, 2005, which this Court has carefully examined and is in good legal form.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the ISP in this district. He was the subject of a prison disciplinary proceeding designated as BCF 04-04-0015 in which he was charged with trafficking with a staff member. The sanction included a demotion from credit class I to credit class II, which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). Also the sanction included disciplinary segregation for a period of 60 days and an inter-facility transfer which does not implicate *Wolff*. *See Sandin v. Conner*, 515 U.S.

472 (1995).

There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The improper notice argument simply fails because the due process clause of the Fourteenth Amendment is not implicated and the issue is not raised appropriately and preserved under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

An inmate may challenge in federal court whether a conviction was supported by "some evidence" only where he has raised that issue in all available administrative appeals. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), as well as *Markham*. Generally, due process requires that an offender have a written notice of the charges at least 24 hours before the hearing. In this case the notice of the charges was served on the petitioner on April 2, 2004, and the hearing was held April 6, 2004. Thus, due process was not violated.

Once again this petitioner is raising an issue that was completely without merit, the assertion of a denial of the right to cross-examine witnesses, distinctly not a part of this process. That part of the Sixth Amendment simply does not apply here under *Wolff*. The petitioner was screened and given an opportunity to request witnesses and did request three witnesses. The failure to name or request a witness until the day of the hearing can be

2

deemed a waiver.  *See Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992).  This petitioner did not request a statement from Officer Vaught.  This petitioner never requested any physical evidence. This court must and does take *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993), but its principles have not been violated here.

This court does not bottom any decision here on harmless error.  Neither is there any basis under *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984) to disqualify any of the members of this CAB.  For these reasons, the petitioner has failed to establish a basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  June 15, 2005

                                            **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**